UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

ANDREW JAMES,

    Plaintiff,

v.

ADVENTIST HEALTH SYSTEM/SUNBELT,
INC. d/b/a ADVENTHEALTH ORLANDO,
a Florida Not For Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANDREW JAMES ("Mr. James" or "Plaintiff") files this Complaint against Defendant, ADVENTIST HEALTH SYSTEM/SUNBELT, INC. d/b/a ADVENTHEALTH ORLANDO ("AdventHealth" or "Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

**JURISDICTION, VENUE AND FMLA COVERAGE**

2.	This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA, and has the authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201, *et seq*.

3.	This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

4.	This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as her FMLA/ADA claims.

5.	At all times relevant hereto, Plaintiff was an employee of Defendant.

6.	Plaintiff worked for Defendant in Orange County, Florida, and this venue is therefore proper.

7.	Defendant is a Florida not for profit corporation that is located and does business in Orange County, Florida, and is therefore within the jurisdiction of the Court.

8.	At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9.	At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

10. Plaintiff is a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant; and

    b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of his disability or "perceived disability."

11. Defendant was at all times an "employer" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

12. On or around January 6, 2021, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

13. More than 180 days have passed since the filing of the Charge of Discrimination.

14. On May 25, 2021, Plaintiff received the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of his receipt of the same.

15. Plaintiff timely files this action within the applicable period of limitations against Defendant.

16. All conditions precedent to this action have been satisfied and/or waived.

**FACTUAL ALLEGATIONS**

17. Mr. James worked for AdventHealth, most recently as an Executive Assistant, from July 7, 2017, until his termination on November 5, 2020.

18. During his time with AdventHealth, Mr. James was an excellent employee, with no significant history of non-ADA/FCRA/FMLA-related attendance, performance, or tardiness issues.

19. Mr. James worked without issue until, in the wake of the COVID-19 pandemic, he disclosed to his employer he suffered with an immunocompromised disease, which substantially limited one or more major life functions, and placed him at an increased risk of the effects of COVID-19.

20. Mr. James' disclosed he suffered from a "protected disability" under the ADA/FCRA, and a "serious health condition" under the FMLA.

21. In March 2020, Mr. James applied, and was approved for, FMLA leave, due to his disability rendering him a high risk for a severe/fatal COVID-19 case if he were to contact the disease.

22. Mr. James continuously supplemented his file with medical records, doctor's notes, and requisite forms as required by his employer.

23. While on FMLA leave, on July 24, 2020, Project Manager Shantea Dowe-Salvatierra ("Ms. Dowe-Salvatierra"), sent an e-mail blast announcing that our client was no longer employed.

24. Mr. James immediately contacted AdventHealth and was informed that the e-mail had been an accident.

25. Mr. James was informed that he was still employed, yet AdventHealth took away his e-mail access.

26. Mr. James objected to Defendant that he believed its actions were discriminatory and in retaliation for him engaging in FMLA protected activity.

27. Mr. James continued to submit medical records and reasonable accommodations requests, such as working from home, to his supervisor.

28. Despite Mr. James' efforts, Advent Health refused to coordinate Mr. James' return to work with reasonable accommodations.

29. As such, on October 5, 2020, AdventHealth suddenly notified Mr. James that he would be terminated effective November 5, 2020.

30. Such a discriminatory and unlawful termination is exactly the type of adverse employment action that the ADA, the FCRA, and the FMLA were intended to prevent.

31. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

32. Mr. James is an individual with a disability who, with reasonable accommodation, was fully capable of performing the essential functions of his job as an Executive Assistant.

33. Allowing Mr. James to utilize a period of unpaid leave, without penalty or negative repercussions, such as termination, and allowing Mr. James to work from home, would have been a reasonable accommodation.

34. In reality, Defendant's termination of Mr. James stemmed from its discriminatory animus toward his very recent use of leave, which was or should have been protected FMLA leave, and his need for accommodation under the ADA/FCRA.

35. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

36. The timing of Plaintiff's termination makes the causal connection between his use or attempted use of FMLA leave, his request for reasonable accommodation under the ADA/FCRA, and his termination sufficiently clear.

37. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

38. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

39. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

40. Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for taking time off work to avoid exposure the heightened risk of COVID-19, and for requesting reasonable accommodation.

41. In short, despite the availability of reasonable accommodation under the ADA and FCRA, Defendant discriminated against Mr. James based solely upon his disability.

42. At all times material hereto, Plaintiff was ready, willing and able to perform his job duties and otherwise qualified for his position, with "reasonable accommodation."

43. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

44. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

45. Pleading in the alternative, Plaintiff's health condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

46. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

47. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment. Therefore, he is protected class member as envisioned by the ADA and the FCRA.

48. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

49. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

50. Defendant also retaliated against Plaintiff for attempting to utilize and/or utilizing FMLA leave.

51. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

52. Any other reason given for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation, and disability discrimination and retaliation.

53. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Mr. James notifying AdventHealth of his serious health condition, and in retaliation

for Mr. James utilizing and/or attempting to utilize unpaid leave pursuant to the FMLA in order to address same.

54. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his use and/or attempted utilization of what should have been protected FMLA leave.

55. Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA, FCRA, and FMLA were intended to prevent.

56. Defendant did not have a good faith basis for its actions.

57. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

58. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

59. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

60. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

61. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 5 through 9, 17 through 18, 20 through 34, 38, 40, 46, and 53 through 64, above.

62. At all times relevant hereto, Plaintiff was protected by the FMLA.

63. At all times relevant hereto, Defendant interfered with Plaintiff by failing to restore Mr. James to the same or substantially similar position he was in prior to using FMLA leave.

64. Defendant denied Plaintiff FMLA benefits he was otherwise entitled to.

65. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

66. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

67. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

68. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 5 through 9, 17 through 18, 20 through 34, 38, 40, 46, and 53 through 64, above.

69. At all times relevant hereto, Plaintiff was protected by the FMLA.

70. At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his use or attempted use of FMLA-protected leave, and for objecting to retaliation.

71. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

72. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise his rights to take approved leave pursuant to the FMLA.

73. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

74. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

75. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3, 5 through 7, 10 through 19, 23 through 52, 56, and 59 through 64, above.

76. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

77. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

78. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

79. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

80. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

81. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

82. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 4 through 7, 10 through 19, 23 through 52, 56, and 59 through 64, above.

83. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

84. The discrimination to which Plaintiff was subjected was based on his disability/handicap, or "perceived disability."

85. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

86. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

87. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

88. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V
## RETALIATION UNDER THE ADA BASED ON DISABILITY

89. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3, 5 through 7, 10 through 19, 23 through 52, 56, and 59 through 64, above.

90. Plaintiff was terminated within close temporal proximity of his objection to Defendant that he felt he was being discriminated against based on his disability, and his request for reasonable accommodations.

91. Plaintiff's objections, and requests for accommodations constituted protected activity under the ADA.

92. Plaintiff was terminated as a direct result of his objection to what he reasonably believed to be disability discrimination, and for requesting reasonable accommodations.

93. Plaintiff's objections to Defendant's illegal conduct, his requests for reasonable accommodations, and his termination, are causally related.

94. Defendant's stated reasons for Plaintiff's termination are a pretext.

95. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

96. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

97. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

98. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**COUNT VI**
**RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT**
**BASED ON DISABILITY**

99. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 4 through 7, 10 through 19, 23 through 52, 56, and 59 through 64, above.

100. Plaintiff was terminated within close temporal proximity of his objection to Defendant that he felt he was being discriminated against based on his disability, and his request for reasonable accommodations.

101. Plaintiff's objections, and requests for accommodations constituted protected activity under the FCRA.

102. Plaintiff was terminated as a direct result of his objection to what he reasonably believed to be disability discrimination, and for requesting reasonable accommodations.

103. Plaintiff's objections to Defendant's illegal conduct, his requests for reasonable

accommodations, and his termination, are causally related.

104. Defendant's stated reasons for Plaintiff's termination are a pretext.

105. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

106. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

107. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

108. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 20th day of August 2021.

Respectfully Submitted,

**By:** */s/ Noah Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com